lence and imminent threats to the public order" so as to create state jurisdiction.

I dissent.

---

DISSENTING OPINION BY MR. JUSTICE EAGEN:

The able and scholarly majority opinion correctly states the law. That a clarification in this difficult field was urgently needed is clearly indicated by the numerous cases presented to this Court in recent months, which patently manifest existing confusion in the minds of the bench and bar on the jurisdictional question involved. A reading of the record of the present proceeding in the court below proves the point beyond argument.

However, after very careful consideration, I cannot join in the majority opinion because I believe the record does not support the facts recited therein. The testimony does not establish that the serious acts of violence complained of were committed by the defendants. Their guilt cannot be assumed because of suspicious circumstances. The only acts, which the evidence connects with the defendants, are of a very trivial nature. The right to an injunction must be clearly established. It should not issue on the basis of guess or conjecture. See, *Terrizzi Bev. Co. v. Local Union No. 830,* 408 Pa. 380, 184 A. 2d 243 (1962).

---

## Theriot *v.* Philadelphia Transportation Company, Appellant.

Argued November 18, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

reargument refused March 9, 1964.

*James D. McCrudden,* for appellant.

*David Gold,* Assistant City Solicitor, with him *James L. Stern,* Second Deputy City Solicitor, *Matthew W. Bullock, Jr.,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

*I. Raymond Kremer,* for appellee.

OPINION PER CURIAM, January 21, 1964:
The Court being equally divided, the judgment of the court below is affirmed.

## Hayeman Appeal.

Argued January 10, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.